Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/22/2017 09:09 AM CDT

State of Nebraska, appellee, v.
Barbara J. Williams, appellant.
___ N.W.2d ___

Filed August 8, 2017.    No. A-16-910.

1. **Pleadings.** Issues regarding the grant or denial of a plea in bar are questions of law.
2. **Judgments: Appeal and Error.** On a question of law, an appellate court reaches a conclusion independent of the court below.
3. **Motions for Mistrial: Pleadings: Prosecuting Attorneys: Intent: Appeal and Error.** While the denial of a plea in bar generally involves a question of law, an appellate court reviews under a clearly erroneous standard a finding concerning the presence or absence of prosecutorial intent to provoke the defendant into moving for a mistrial.
4. **Pretrial Procedure: Appeal and Error.** Trial courts have broad discretion with respect to sanctions involving discovery procedures, and their rulings thereon will not be reversed in the absence of an abuse of discretion.
5. **Double Jeopardy: Motions for Mistrial.** It is the general rule that where a court grants a mistrial upon a defendant's motion, the Double Jeopardy Clause does not bar a retrial.
6. **Motions for Mistrial: Prosecuting Attorneys: Intent: Proof.** It is the defendant's burden to prove that the prosecuting attorney engaged in misconduct intended to provoke a mistrial, and the trial court's finding regarding whether the prosecuting attorney intended to cause a mistrial is a finding of fact.
7. **____: ____: ____: ____.** Factors that a court may consider in determining whether the prosecutor intended to provoke the defendant into moving for a mistrial include the following: (1) whether there was a sequence of overreaching or error prior to the errors resulting in the mistrial; (2) whether the prosecutor resisted the motion for mistrial; (3) whether the prosecutor testified, and the court below found, that there was no intent to cause a mistrial; (4) the timing of the error;

(5) whether the record contains any indication that the prosecutor believed the defendant would be acquitted; (6) whether a second trial would be desirable for the government; and (7) whether the prosecutor proffered some plausible justification for his or her actions.

8. **Records: Appeal and Error.** It is incumbent upon an appellant to supply a record which supports his or her appeal; absent such a record, as a general rule, the decision of the lower court as to those errors is to be affirmed.

Appeal from the District Court for Sarpy County: DAVID K. ARTERBURN, Judge. Affirmed.

Thomas P. Strigenz, Sarpy County Public Defender, and Colleen M. Hassett for appellant.

Douglas J. Peterson, Attorney General, and Sarah E. Marfisi for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

PIRTLE, Judge.

## INTRODUCTION

Barbara J. Williams appeals the order of the district court for Sarpy County which denied her plea in bar following a mistrial and denied her motion for other relief. For the reasons that follow, we affirm.

## BACKGROUND

Williams was charged with one count of child abuse, a Class IIIA felony. Williams provided nursing care for a minor child who was disabled and nonverbal. On July 18, 2014, Williams cared for the child from 8 a.m. to 6 p.m. After her shift ended, the parents cared for the child. That evening, the parents discovered a skin injury on the child and drove her to a hospital for treatment. Williams denied that the injury occurred during her shift.

Prior to trial, the parties agreed to stipulate to the introduction of the cell phone records of Williams and the child's

parents, and no records custodian from the service provider was called to testify. One exhibit agreed upon by the parties was a chart listing all of the incoming and outgoing calls made by the child's mother on the day of the incident. The chart included the calling number, the called number, the digits dialed, whether the call was inbound or outbound, and the duration of the call in seconds. The chart included the start date and end date of each call, showing the date and time in military time. The chart also included a column labeled "NEID" and the data in that column was shown as a two- or three-digit numerical value. A document titled "Key to Understanding CDMA Call Detail Reports" was provided. The key states that "NEID . . . reflects which network element handled the call."

A jury was empaneled and sworn on Tuesday, May 10, 2016, and evidence was adduced from May 10 through 13. The child's mother testified regarding the timeline in which she discovered her child's injuries and called her friend, who was a nurse, prior to taking the child to the hospital for medical treatment. The defense focused on the timing and number of calls made by the mother before seeking medical treatment.

At some point during the second day of the trial, a deputy county attorney recalled a case in which times represented in cell phone records were recorded in different area codes, so the values were "off by an hour." During a trial recess, the deputy county attorney spoke to a representative from the service provider and confirmed that some of the mother's calls were shown in mountain time, even though the calls were placed within the central standard time zone. One of the State's witnesses, a detective, obtained a separate key for understanding the cell phone records, which included the locations of the cellular towers which corresponded with the NEID values on the cell phone logs. This information was not relayed to defense counsel.

The detective testified on Friday, May 13, 2016. He testified that the "NEID" column of the cell phone records relate

to the location of the cellular tower and that it "could be in a different part of the country" from where the call was initiated. On cross-examination, he was questioned about the location of the cellular towers through which Williams' calls were routed. He did not indicate that he had received a new key from the service provider or indicate that the records in evidence were inaccurate or incomplete.

The State rested its case in chief on Friday, May 13, 2016. That day, a representative from the service provider confirmed the availability to testify regarding the location of the NEID and its impact on the time stamps in the call log.

Williams began presenting her defense, including the affidavit of an expert witness who relied, in part, on the assumption that the times in the call log were all recorded in central standard time. The State announced that it had received information discrediting the chronological accuracy of the cell phone records and that it intended to adduce that evidence on rebuttal.

Williams moved for a mistrial, and the district court sustained her motion. The court found that this case was premised, in large part, on the cell phone records and that the State's late disclosure of evidence discrediting the accuracy of the records "put the defense in an untenable position." The court found that simply disallowing the State's rebuttal evidence was not a sufficient remedy and that a mistrial was necessary.

On May 20, 2016, Williams filed a motion for relief seeking the following: (1) an order dismissing the charges against her; (2) an order finding the State in contempt of written and verbal court orders regarding pretrial matters; (3) an order directing the State to pay her expert witness fees, her attorney fees, and the costs incurred at trial on May 11 through 13; and/or (4) an order directing the State to reimburse her for the wages she lost as a result of attending trial on May 11 through 13. On May 23, Williams filed a plea in bar, asserting that retrial of the State's charge against her should be barred by the

prohibition against double jeopardy. She asserted that the State failed to timely disclose material information and acted with the intent "to goad [her] into moving for mistrial."

On June 30, 2016, a hearing was held on Williams' motions. The following exhibits were offered and received into evidence: two trial exhibits containing cell phone records, as well as a key for understanding the service provider's records; a transcript of the motion for mistrial proceedings; a transcript of the detective's trial testimony; a deposition of Williams' employer; and affidavits from Williams, her counsel, and counsel for the State.

The court made factual findings on each of the factors set forth in *State v. Muhannad*, 286 Neb. 567, 837 N.W.2d 792 (2013) (*Muhannad I*), specifically regarding whether the State intended to provoke Williams into moving for mistrial. The district court found the State did not have the intent to goad Williams into moving for mistrial, and the court denied Williams' plea in bar and her motion for other relief. Williams timely appealed.

## ASSIGNMENTS OF ERROR

Williams asserts the district court erred in overruling her motion for plea in bar. She also asserts the district court erred in denying her motion for other relief.

## STANDARD OF REVIEW

[1,2] Issues regarding the grant or denial of a plea in bar are questions of law. *State v. Arizola*, 295 Neb. 477, 890 N.W.2d 770 (2017). On a question of law, an appellate court reaches a conclusion independent of the court below. *Id.*

[3] While the denial of a plea in bar generally involves a question of law, we review under a clearly erroneous standard a finding concerning the presence or absence of prosecutorial intent to provoke the defendant into moving for a mistrial. *State v. Muhannad*, 290 Neb. 59, 858 N.W.2d 598 (2015) (*Muhannad II*).

[4] Trial courts have broad discretion with respect to sanctions involving discovery procedures, and their rulings thereon will not be reversed in the absence of an abuse of discretion. *State v. Russell*, 292 Neb. 501, 874 N.W.2d 8 (2016).

## ANALYSIS

*Plea in Bar.*

The parties do not dispute the propriety of the mistrial. The issue is whether concepts of double jeopardy bar a retrial and, thus, whether the court should have granted Williams' plea in bar.

[5,6] It is the general rule that where a court grants a mistrial upon a defendant's motion, the Double Jeopardy Clause does not bar a retrial. *Muhannad II.* There is a """"narrow exception"""" to this general rule. *Id.* at 65, 858 N.W.2d at 604. In *Oregon v. Kennedy*, 456 U.S. 667, 679, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982), the U.S. Supreme Court held that where a defendant moves for and is granted a mistrial based upon prosecutorial misconduct, double jeopardy bars retrial when the "conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." In *Muhannad I*, the Nebraska Supreme Court declined to extend exceptions discussed in *Oregon v. Kennedy* beyond situations where the prosecutor intended that misconduct would provoke a mistrial. It is the defendant's burden to prove this intent, and the trial court's finding regarding whether the prosecuting attorney intended to cause a mistrial is a finding of fact. *Muhannad I.*

Williams asserts that the court erred in overruling her plea in bar because there was sufficient evidence that the State failed to disclose evidence to the defense with the intent to provoke the defense to move for a mistrial. Williams asserts that the prosecutor purposely questioned the detective in a way that would provoke cross-examination by Williams' counsel which would "'open the door'" for rebuttal, using the newly discovered key which had not been disclosed to the defense.

See brief for appellant at 6. She asserts the prosecutor deliberately courted a mistrial, making normal sanctions inadequate. She cites case law which states that a "'scheming prosecutor cannot be rewarded by being handed the very thing toward which he connived.'" *Muhannad I*, 286 Neb. at 578, 837 N.W.2d at 801.

[7] In *Muhannad I*, the Nebraska Supreme Court set forth a list of objective factors derived from and articulated by state and federal courts for consideration when determining whether prosecutors intended to provoke the defense into moving for a mistrial. These factors included, but were not limited to, the following: (1) whether there was a sequence of overreaching or error prior to the errors resulting in the mistrial; (2) whether the prosecutor resisted the motion for mistrial; (3) whether the prosecutor testified, and the court below found, that there was no intent to cause a mistrial; (4) the timing of the error; (5) whether the record contains any indication that the prosecutor believed the defendant would be acquitted; (6) whether a second trial would be desirable for the government; and (7) whether the prosecutor proffered some plausible justification for his or her actions. See *Muhannad I*.

In this case, the district court considered each of those factors and determined that the evidence was insufficient to support a finding that the State failed to make its disclosure to the defendant with the intent to goad the defense into moving for a mistrial. The court stated that the prosecutors proffered what they believed to be a plausible justification for their failure to timely disclose the newly discovered information—they believed that the information could be reserved for rebuttal. The court noted that this belief was mistaken and resulted in inaccurate information continually being presented to the jury. The court found that although the failure to disclose the information did constitute misconduct, it did not meet the narrow and rigorous standards set out in *Oregon v. Kennedy*, 456 U.S. 667, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982), and *Muhannad I*.

[8] We note that on appeal, Williams asserts that "the Court had made repeated admonitions to [the State's] counsel to more efficiently use time at trial" in support of her argument that the State intended to extend the trial into the following week until a rebuttal witness became available. Brief for appellant at 9. The record before us contains no evidence of any such admonitions. It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016). Absent such a record, as a general rule, the decision of the lower court as to those errors is to be affirmed. *Id.*

Upon our review, the record supports the trial court's conclusions. The record before us does not demonstrate a sequence of overreaching or error prior to the error resulting in the mistrial. The prosecutors submitted affidavits stating that they had no intention of causing a mistrial and that they believed the evidence was sufficient to gain a conviction. It does not appear from the record that the State intentionally committed prosecutorial misconduct or intended that such conduct would provoke a mistrial. Therefore, we find that the district court's determination was not clearly erroneous and that Williams' plea in bar was properly denied.

*Motion for Other Relief.*

Williams asserts the district court erred in denying her motion for other relief because the State's "knowing failure to timely disclose material evidence to [Williams] squandered significant financial and other resources of the Court, [Williams'] counsel and [Williams] herself." Brief for appellant at 12.

As previously discussed, the district court determined that, because the State did not act with the intent to provoke a mistrial, the motion for other relief must also fail and be denied. Trial courts have broad discretion with respect to sanctions involving discovery procedures, and their rulings thereon will not be reversed in the absence of an abuse of discretion. *State v. Russell*, 292 Neb. 501, 874 N.W.2d 8 (2016).

When considering Williams' motion for mistrial, the district court disagreed with the State's actions in accordance with the "mistaken" belief that the prosecutors were not required to inform the defense of the newly discovered evidence they intended to use for rebuttal. However, the district court determined that there was nothing "nefarious" in the State's action. So, while sanctions could have been ordered, the district court chose not to order them, and we find no abuse of discretion in denying Williams' motion for other relief.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court denying Williams' plea in bar and her motion for other relief.

AFFIRMED.