IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. BIXBY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CLAY BIXBY, APPELLANT.

Filed March 3, 2020.    No. A-19-237.

Appeal from the District Court for Grant County: TRAVIS P. O'GORMAN, Judge. Affirmed.

Bell Island, of Island Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

PIRTLE, RIEDMANN, and BISHOP, Judges.

PIRTLE, Judge.

### INTRODUCTION

Clay Bixby appeals the order of the district court for Grant County which denied his plea in bar following a mistrial. For the reasons that follow, we affirm.

### BACKGROUND

Bixby was charged with driving under the influence of alcohol (DUI), third offense; possession of an open container; and driving on the shoulder. The matter was set for a jury trial on October 24, 2018, and a jury panel was sworn and a jury was selected. Prior to the commencement of trial, the district court heard evidentiary motions outside the presence of the jury. The district court ruled that a video of the traffic stop at issue was not admissible at trial. Though the record is unclear of the details, the parties do not dispute that the prosecuting attorney was upset by the court's ruling.

- 1 -

During the direct examination of the State's first witness, the prosecutor asked questions intended to elicit testimony regarding Bixby's prior offenses. The witness answered the question, stating that Bixby had prior DUI convictions, before Bixby's trial counsel was able to object. Bixby's trial counsel immediately moved for a mistrial, which the district court granted. The prosecuting attorney stated that he believed the prior convictions were part of the elements he had to prove.

Bixby filed a plea in bar alleging that the mistrial was "caused by the intentional conduct of the State causing the Mistrial." The State also filed a motion for retrial and motion for case progression. The matters were set for hearing on December 10, 2018.

At the hearing, the following exhibits were offered and received into evidence: a partial transcript of the bench conference regarding the motion for mistrial, two affidavits of Bixby's trial counsel, and an affidavit of the prosecuting attorney. After hearing the arguments of both parties, the district court made factual findings on the factors set forth in *State v. Muhannad*, 286 Neb. 567, 837 N.W.2d 792 (2013) (*Muhannad I*), and *State v. Williams*, 24 Neb. App. 920, 901 N.W.2d 334 (2017). Specifically, the district court found that "[t]he pertinent inquiry is the subjective intent of the prosecutor" and found that the prosecuting attorney did not have the intent to goad Bixby into moving for mistrial. The court found credible the prosecuting attorney's assertion that he was inexperienced in criminal law and "mistakenly believed proof of the prior convictions was an element of required proof for the offense." Accordingly, the district court denied Bixby's plea in bar. This appeal followed.

## ASSIGNMENT OF ERROR

Bixby's only assignment of error is that the district court erred in denying his plea in bar.

## STANDARD OF REVIEW

Issues regarding the grant or denial of a plea in bar are questions of law. *State v. Bedolla*, 298 Neb. 736, 905 N.W.2d 629 (2018). On a question of law, an appellate court reaches a conclusion independent of the court below. *Id*.

While the denial of a plea in bar generally involves a question of law, we review under a clearly erroneous standard a finding concerning the presence or absence of prosecutorial intent to provoke the defendant into moving for a mistrial. *State v. Muhannad*, 290 Neb. 59, 858 N.W.2d 598 (2015) (*Muhannad II*).

## ANALYSIS

Bixby argues that the district court erred in denying his plea in bar, and the State should be prohibited from retrying him under the Double Jeopardy Clause of both the Nebraska and U.S. Constitutions. We disagree.

The general rule is that where a court grants a mistrial upon a defendant's motion, the Double Jeopardy Clause does not bar a retrial. *Muhannad II, supra*. A defendant's motion for a mistrial constitutes a deliberate election on his or her part to forgo the right to have the trial completed before the first trier of fact. *Id*. This is true even if the defendant's motion is necessitated by prosecutorial or judicial error. *Id*.

The U.S. Supreme Court set forth a "narrow exception" to this general rule in *Oregon v. Kennedy*, 456 U.S. 667, 679, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982), holding that where a defendant moves for and is granted a mistrial based upon prosecutorial misconduct, double jeopardy bars retrial when the "conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." The Nebraska Supreme Court has declined to extend the exception in *Oregon v. Kennedy* beyond situations where the prosecutor intended that the misconduct would provoke a mistrial. *Muhannad I, supra*. It is the defendant's burden to prove this intent, and the trial court's finding regarding whether the prosecuting attorney intended to cause a mistrial is a finding of fact. *Id*.

In *Muhannad I*, the Supreme Court set forth a nonexhaustive list of objective factors for consideration when determining whether a prosecutor had a subjective intent to provoke the defense into moving for a mistrial. These factors include, but are not limited to, the following: (1) whether there was a sequence of overreaching or error prior to the errors resulting in the mistrial; (2) whether the prosecutor resisted the motion for mistrial; (3) whether the prosecutor testified, and the court below found, that there was no intent to cause a mistrial; (4) the timing of the error; (5) whether the record contains any indication that the prosecutor believed the defendant would be acquitted; (6) whether a second trial would be desirable for the government; and (7) whether the prosecutor proffered some plausible justification for his or her actions. *State v. Williams*, 24 Neb. App. 920, 901 N.W.2d 334 (2017) (citing *Muhannad I, supra*).

In this case, the district court considered these factors and acknowledged that "the facts and circumstances viewed objectively does not look favorably to the prosecution." The district court recognized that the adverse ruling against the prosecution, excluding the video of the traffic stop, increased the likelihood of acquittal and could make a second trial desirable for the State. The district court also acknowledged that the testimony the prosecuting attorney elicited from its only witness, regarding Bixby's two prior DUI convictions, was clearly improper and inadmissible. Nevertheless, the district court found that the "pertinent inquiry is the subjective intent of the prosecutor and a determination must be made whether the prosecutor had the subjective intent to cause a mistrial and subvert the protections afforded by the Double Jeopardy Clause."

In applying this principle, the district court made a factual finding that the prosecutor did not have the subjective intent to provoke a mistrial. In fact, in its order, the district court noted that "[n]obody was more surprised in the courtroom when the mistrial was granted than the prosecutor." The court recognized the prosecutor's negligence, but acknowledged his inexperience in criminal law prior to his position as county attorney and that this was only his second trial on a DUI offense. The record before us does not demonstrate a pattern of overreaching or error prior to the questioning resulting in the mistrial. The prosecutor submitted an affidavit and stated on the record that he had no intention of causing a mistrial. The prosecutor's affidavit also detailed his limited criminal law experience. Based on these considerations, and the district court's observation of the participants (including the prosecuting attorney), we cannot say that the district court's finding concerning the absence of prosecutorial intent to provoke a mistrial was clearly erroneous. The trial court is in a better position than an appellate court to judge the motives and intentions of the prosecutor, and we defer to its judgment in this case. *Muhannad I, supra*. Absent an intent to

goad the defendant into moving for mistrial, double jeopardy does not bar retrial where the prosecutor simply made an "error in judgment" or was grossly negligent. *Muhannad II, supra.*

CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court denying Bixby's plea in bar.

AFFIRMED.