IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BERSHON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

PAUL D. BERSHON, APPELLANT.

Filed December 15, 2020.    No. A-20-171.

Appeal from the District Court for Washington County: JOHN E. SAMSON, Judge. Affirmed.

Justin Kalemkiarian, of Berry Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

MOORE, Judge.

## I. INTRODUCTION

Paul D. Bershon appeals the order of the district court for Washington County which denied his plea in bar following a mistrial. For the reasons that follow, we affirm.

## II. BACKGROUND

### 1. MOTION IN LIMINE

On August 15, 2019, Bershon was charged in an amended information with 26 counts of various forms of sexual abuse inflicted on the victim, who was his stepdaughter at the time of the alleged abuse. On September 18, the State filed a motion in limine seeking to preclude testimony regarding previous allegations by the victim that Bershon molested her in the state of Michigan. The State alleged that this information was not relevant to guilt or innocence and that this evidence was more prejudicial than probative.

At the hearing on the motion in limine, the State acknowledged that there was a written police report from Michigan, which indicated that a criminal investigation of the defendant in regard to an alleged sexual assault upon the victim was closed because the victim recanted her allegations. Defense counsel did not argue that the report should necessarily be admitted, however, he asserted that this evidence would give him a good faith basis to impeach the victim on cross-examination. The court reserved ruling on the motion in limine until the time of trial, but indicated that if evidence was consistent with the representations made during the motions, defense counsel would be allowed to ask the victim if she made previous sexual assault allegations that she later recanted for the purposes of impeachment.

## 2. TRIAL

Trial was held on October 21 and 22, 2019. The victim testified during the second day of trial, after her mother had testified at length. The victim was 28 years old and was born in Michigan, but she moved to Blair, Nebraska, and attended high school there. The victim's mother testified that the victim has a learning disability, consisting of both intellectual and physical dysfunction, and that Bershon was aware of this. Dr. Elizabeth Morell completed a psychological evaluation of the victim and assessed that the victim had an extremely low IQ and met the criteria for a mild intellectual disability. The victim testified that Bershon was her stepfather and that she lived with him for 8 or 9 years. The victim testified that on May 16, 2018, Bershon forced her to perform oral sex on him. The State asked the victim if this was the first time Bershon asked her to perform sexual acts, but the victim testified that she could not remember specific dates or times when the sexual abuse occurred. The State then engaged in the following line of questioning with the victim:

> Q: If I were to ask you if you could associate a time in your past when your stepdad started to ask you to do certain sexual things that you weren't comfortable with, would you know when that started?
>
> A: I don't get your question.
>
> Q: Okay. And that's my fault. I will ask you this. You started high school when you moved to Blair, is that correct?
>
> A: Yes.
>
> Q: And you would have been -- I don't know if you remember this, but you would have been about two thou-- -- or excuse me, you would have been 16 at the time?
>
> A: Yes.
>
> Q: All right. At about the time that you were 16, about the time that you started high school in the city of Blair, in Nebraska, is that when your stepdad started doing sexual things with you?
>
> A: It happened in Michigan, too, if I can say that.
>
> Q: You can say that.

After this exchange, defense counsel moved for a mistrial, arguing that the statement about abuse occurring in Michigan was overly prejudicial. Counsel argued the motion in a meeting in chambers. The district court initially noted that the State's question was not trying to lead the victim into discussing incidents that happened in Michigan. Defense counsel argued that a mistrial

was appropriate because the victim's statement was a reference to a prior bad act. Defense counsel also believed that a limiting instruction or questioning the victim outside the presence of the jury would not cure the problem, because the victim had stated in an earlier deposition that she had not lied about the abuse in Michigan. The State reiterated its position that it wanted to keep out the recanted allegation about abuse in Michigan. The State objected to the motion for mistrial, arguing that after the totality of the evidence was considered, the effect of the statement would not be that prejudicial.

Following the discussion in chambers, the court sustained the motion for mistrial due to concerns under Neb. Rev. Stat. § 27-414 (Reissue 2016), which requires that a prior sexual assault must be proven by clear and convincing evidence, which the State would be unlikely to prove due to the victim's prior inconsistency regarding events in Michigan. Further, the court stated that the victim's statement about Michigan could be improper propensity evidence. The prosecutor asked the court to find that the mistrial was at no fault of either party to which the court responded "[y]eah, I don't even think that's close to being argued, based on the question and the answer that was given." Defense counsel responded that he did not have any information to suggest the persecutor coached the victim to give the objectionable answer and indicated that he could not in good faith argue that the State set the defendant up to give the answer about Michigan. Defense counsel later asked the court if it was going to make an explicit finding regarding the reason for the mistrial for double jeopardy purposes. The court responded that it would rule on that issue later, but it stated that it appeared that the victim's answer was volunteered and not a direct response to the question asked.

### 3. PLEA IN BAR

Bershon filed a plea in bar on January 3, 2020. In the plea in bar, Bershon alleged that the State is barred from pursuing a conviction on double jeopardy and collateral estoppel grounds. Bershon alleged that the State "asked questions of the alleged victim that begged an answer the State had good reason to believe would goad the defense into moving for a mistrial" to which the victim answered as expected. Following a hearing, the court denied the defendant's plea in bar, finding that the State did not specifically attempt to elicit testimony from the victim about the events in Michigan. Specifically, the court found that the victim was a difficult witness to get testimony from, and the State was clearly trying to focus her testimony to the incidents in question. Further, the court noted that the State had shown intent to avoid testimony about Michigan through various pretrial motions, and objected to and argued against the mistrial motion. Lastly, the court noted that the State's affirmation of "[y]ou can say that" after the testimony about Michigan was a mistake made in the heat of trial, and did not show intent to goad the defense into moving for mistrial.

Bershon now appeals.

### III. ASSIGNMENT OF ERROR

Bershon assigns that the district court erred in denying his plea in bar.

## IV. STANDARD OF REVIEW

Issues regarding the grant or denial of a plea in bar are questions of law. *State v. Bedolla*, 298 Neb. 736, 905 N.W.2d 629 (2018). On a question of law, an appellate court reaches a conclusion independent of the court below. *Id*.

While the denial of a plea in bar generally involves a question of law, we review under a clearly erroneous standard a finding concerning the presence or absence of prosecutorial intent to provoke the defendant into moving for a mistrial. *State v. Muhannad*, 286 Neb. 567, 837 N.W.2d 792 (2013).

## V. ANALYSIS

Bershon argues that because the State knew the victim had previously recanted allegations made regarding Bershon sexually assaulting her in Michigan and that during the victim's deposition she claimed that she had not lied during the initial police reports, the State's line of questioning during trial was intended to get the victim to mention the Michigan allegations, in order to goad Bershon into moving for a mistrial. Bershon claims that the trial had been going poorly for the State and that the State thus had a motive to induce Bershon to seek a mistrial, giving the State the opportunity to rehabilitate the victim's mother's testimony.

The general rule is that where a court grants a mistrial upon a defendant's motion, the Double Jeopardy Clause does not bar a retrial. *State v. Muhannad, supra*. A defendant's motion for a mistrial constitutes a deliberate election on his or her part to forgo the right to have the trial completed before the first trier of fact. *Id.* This is true even if the defendant's motion is necessitated by prosecutorial or judicial error. *Id*.

The U.S. Supreme Court set forth a "narrow exception" to this general rule in *Oregon v. Kennedy*, 456 U.S. 667, 679, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982), holding that where a defendant moves for and is granted a mistrial based upon prosecutorial misconduct, double jeopardy bars retrial when the "conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." The Nebraska Supreme Court has declined to extend the exception in *Oregon v. Kennedy* beyond situations where the prosecutor intended that the misconduct would provoke a mistrial. *State v. Muhannad, supra*. It is the defendant's burden to prove this intent, and the trial court's finding regarding whether the prosecuting attorney intended to cause a mistrial is a finding of fact. *Id.*

In *Muhannad*, the Supreme Court set forth a nonexhaustive list of objective factors for consideration when determining whether a prosecutor had a subjective intent to provoke the defense into moving for a mistrial. These factors include, but are not limited to, the following: (1) whether there was a sequence of overreaching or error prior to the errors resulting in the mistrial; (2) whether the prosecutor resisted the motion for mistrial; (3) whether the prosecutor testified, and the court below found, that there was no intent to cause a mistrial; (4) the timing of the error; (5) whether the record contains any indication that the prosecutor believed the defendant would be acquitted; (6) whether a second trial would be desirable for the government; and (7) whether the prosecutor proffered some plausible justification for his or her actions. *State v. Williams*, 24 Neb. App. 920, 901 N.W.2d 334 (2017) (citing *State v.Muhannad, supra*). In addition to any objective factors listed above or that might be relevant under the particular circumstances of a particular

case, we bear in mind that the trial court is in a better position than a reviewing court to judge the motives and intentions of the prosecutor. *State v. Muhannad, supra.*

During the dialogue between the court and counsel regarding the motion for mistrial, defense counsel specifically stated that he did not have any information that the prosecutor had coached the witness and could not make an argument in good faith that the State set up the victim to answer about Michigan. Further, the State's line of questioning focused on events that happened in Nebraska when the victim was in high school and did not mention Michigan. In its order denying the plea in bar, the court noted that this witness was particularly difficult to elicit testimony from, and the State was clearly trying to focus her testimony on the events alleged in the information.

Bershon also argues that the State's affirmation after the victim's statement about Michigan, telling her "[y]ou can say that," showed that the State clearly approved of her answer. However, the district court concluded that this statement "was most likely an error in judgment made in the spur of the moment in the heat of trial." We cannot say that the court's conclusion in this regard was clearly erroneous, particularly given the State's effort to prohibit any testimony about events in Michigan through its motion in limine prior to trial, which position the State reaffirmed during the in camera arguments following the motion for mistrial.

In this case, the district court considered the requisite factors and determined that Bershon failed to prove that the State engaged the victim in a line of questioning intending to elicit a response about Michigan in order to goad defense counsel into moving for a mistrial. The court reasoned that, although the State could have phrased its questions more artfully, the objectionable testimony was not gained intentionally. The court also noted that pretrial motions brought by the State showed that the State intended to keep any information about Michigan out of the trial, despite the fact that defense counsel wanted to ask the victim about events in Michigan for impeachment purposes. The court also noted that the State objected to and argued against the defendant's mistrial motion.

Upon our review, we find no clear error in the trial court's determination that the State did not intentionally provoke the defense into moving for a mistrial. Therefore, we find that the district court did not err in denying Bershon's plea in bar.

## VI. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court denying Bershon's plea in bar.

AFFIRMED.